[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10793
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2011
JOHN LEY
CLERK

Agency No. A099-546-816

JOSE EDGAR SANTA PIEDRAHITA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 4, 2011)

Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.

PER CURIAM:

Petitioner Jose Edgar Santa Piedrahita, a native and citizen of Colombia

proceeding pro se, petitions for review of the order by the Board of Immigration

Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum and withholding of removal.[1] No reversible error has been shown; we dismiss the petition in part and deny it in part.

On appeal, Petitioner argues that he received ineffective assistance of counsel during his asylum proceedings. But Petitioner never raised this claim before the BIA and, therefore, we lack jurisdiction to consider it now. See Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006) (explaining an issue not raised before BIA is not properly exhausted and we lack jurisdiction to consider it). We dismiss the petition on ineffective assistance of counsel.

We review the IJ's and BIA's decisions in this case because the BIA agreed with the IJ's reasoning. See Kazemzadeh v. U.S. Attorney Gen., 577 F.3d 1341, 1350 (11th Cir. 2009) (explaining that when the BIA agrees with a finding of the IJ, we review both decisions). We review legal determinations de novo. Id. And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Adefemi

---

[1]Petitioner raises no challenge to the portion of IJ's decision denying relief under the Convention Against Torture; so that issue is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc) (citation and internal quotation omitted).  We "view the record evidence in the light most favorable to the . . . decision and draw all reasonable inferences in favor of that decision"; we may reverse fact determinations "only when the record compels a reversal." Id. at 1027.

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion.  8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1).  The applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Petitioner alleged that the Colombian Revolutionary Armed Forces ("FARC") persecuted him and his family because of their political beliefs.  After he and his ex-wife[2] began holding meetings in their home to support the presidential campaign of Alvaro Uribe, he and his family began receiving threatening phone calls from the FARC.  The FARC told them that the family was a "military objective."  In late 2001, the FARC kidnapped and attacked

---

[2]Although Petitioner referred to his companion as his ex-wife, Petitioner clarified in his hearing testimony that the two never were married.

Petitioner's ex-wife; she received minor injuries. She fled to the United States in early 2002.

In 2004, Petitioner's son, a musician who often performed at political events, also was accosted by the FARC after leaving a political meeting. The FARC hit and kicked him and again told him that he and his parents were military objectives. The FARC abandoned Petitoner's son by the side of the road. Shortly after this incident, the son fled to the United States.

Also in 2004, Petitioner, a lawyer practicing criminal law, was appointed to defend a FARC commander known as "Hugo." FARC members, on many occasions, tried to bribe Petitioner into arranging for the commander's release. Petitioner refused; and eventually, Petitioner fled to the United States.

The IJ determined, in pertinent part, that the events Petitioner complained of did not rise to the level of past persecution. The IJ also concluded that Petitioner showed no objective well-founded fear of future persecution. The BIA agreed with the IJ's reasoning. On appeal, Petitioner repeats the allegations forming the basis of his claim and argues that he showed past persecution and a well-founded fear of future persecution based on his political beliefs.

After review, we conclude that substantial evidence supports the IJ's and BIA's decisions that Petitioner did not demonstrate past persecution; and we are

4

not compelled to reverse the decision. We have explained that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." See Sepulveda, 401 F.3d at 1231 (citation and internal quotations omitted).

The events Petitioner and his family experienced -- including threatening phone calls, being briefly detained by the FARC, and minor physical harm -- are insufficiently extreme to establish persecution. See Djonda v. U.S. Attorney Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (death threats alone do not constitute persecution nor do death threats coupled with minor physical harm). Petitioner himself never was physically harmed or threatened in person by the FARC because of his political activities for Uribe's campaign. And his contact with the FARC in defending the FARC commander did not amount to persecution because Petitioner never alleged that he was threatened or that he physically was harmed based on his appointment to represent the commander.[3]

To show a well-founded fear of future persecution, Petitioner had to establish that his fear both was "subjectively genuine and objectively reasonable."

_____

[3]Because we conclude that the events surrounding Petitioner's appointment to defend the commander do not constitute persecution, we need not consider whether this incident was based on a protected ground.

5

Al Najjar v. Ashcroft, 257 F.3d 1262, 1289 (11th Cir. 2001). "[T]he objective prong can be fulfilled . . . by establishing . . . that he . . . has a good reason to fear future persecution." Id. (internal quotation omitted). Petitioner has shown no such good reason.

As the IJ and BIA noted, Petitioner traveled to the United States and returned to Colombia in 2003, after receiving death threats and after his ex-wife had been abducted and beaten. See De Santamaria v. U.S. Attorney Gen., 525 F.3d 999, 1011 (11th Cir. 2008) (explaining that "[a]n asylum applicant's voluntary return to his or her home country is a relevant consideration in determining whether the asylum applicant has a well-founded fear of future persecution"). Petitioner also testified that he stopped receiving threatening phone calls in 2002. And Petitioner has family members living in Colombia unharmed. See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (an applicant's claimed fear of future persecution is undercut by his testimony that family members have remained unharmed in the region). Petitioner's refusal to defend the FARC commander does not give rise to an objectively reasonable fear of future persecution: another lawyer was appointed to the case after Petitioner fled to the United States, significant time has passed since this incident, and nothing indicates that the FARC still is interested in Petitioner.

6

Substantial evidence supports the IJ's and BIA's decisions that Petitioner was unentitled to asylum; and we are not compelled to reverse the decisions. Petitioner's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal.  See Forgue, 401 at 1288 n.4 (11th Cir. 2005).[4]

PETITION DISMISSED IN PART, DENIED IN PART.

---

[4]On appeal, Petitioner supports his claims with evidence about a friend and colleague who belonged to the same political movement as he did and who was kidnapped, tortured, and killed by the FARC in 2009.  But this evidence was not part of the administrative record below, and we cannot consider it now.  See 8 U.S.C. § 1252(a)(1) (in reviewing a final order of removal, court may not order taking of additional evidence); Al Najjar, 257 F.3d at 1278 (as reviewing court, we "cannot engage in fact-finding on appeal, nor may we weigh evidence that was not previously considered below").